DORUS C. ROBERTSON, RESPONDENT, v. WILLIAM
ROBERTSON, Sr., APPELLANT.

Submitted May 29, 1936—Decided February 10, 1937.

For the appellant, *Henry Ewald, Jr.* (*John G. Flanigan,*
of counsel).

For the respondent, *Lum, Tamblyn & Fairlie* (*Charles
S. Barrett, Jr.,* of counsel).

The opinion of the court was delivered by

LLOYD, J.   The appeal is from a judgment obtained in an
action on a written agreement entered into between the plain-
tiff and the defendant below guaranteeing payment of moneys
to become due under an agreement between the plaintiff and
her husband, William Robertson, Jr. (son of the defendant).

To the complaint alleging default in such payments, the
defendant set up several defenses, one of which was that the
agreement between the plaintiff and her husband, as also the
agreement sued on, were predicated on an arrangement between
husband and wife for a collusive divorce; that this collusion
tainted both agreements.   These defenses were all struck as
either sham or frivolous and judgment entered for the plain-
tiff.   We find it necessary to consider the defense of collusion
only.

Prior to the institution of the present action another suit for installments due on the agreement here sued on was begun and determined in favor of the plaintiff. This judgment was later affirmed in the Supreme Court. 114 *N. J. L.* 558. In that suit the defense of collusion was not pleaded, but it is contended by respondent that the judgment is nevertheless conclusive here and *res adjudicata* of the rights of the parties under the agreement.

This court decided otherwise in the recent case of *Phillips* v. *Phillips,* 119 *N. J. Eq.* 497. There, as here, defense of collusion to obtain a divorce was set up in a suit to enforce payment of alimony agreed on between the parties, and this defense was met by the admitted fact that an action on the same agreement had been determined in a prior action in the courts of New York. Although in another appeal the bill itself in that case was directed to be dismissed as outside Chancery jurisdiction (*Phillips* v. *Phillips,* 119 *N. J. Eq.* 462) the court passed upon the sufficiency of the plea and held that in effect collusion to obtain a divorce was available to the defendant as a defense to the action notwithstanding the earlier decision.

It may be conceded that as a general rule under our cases and the general principle of the doctrine of *res adjudicata* the plea that the agreement sued on was based on a fraudulent underlying agreement and that that question was determined in the first action would be conclusive here; and even if the plea were available as a defense, though not raised, it would be equally conclusive. *McMichael* v. *Horay,* 90 *N. J. L.* 142; *Margolies* v. *Goldberg,* 101 *Id.* 75; *White* v. *Mindes,* 106 *Id.* 606; *The Ordinary* v. *Webb,* 112 *Id.* 395; *Paterson* v. *Baker,* 51 *N. J. Eq.* 49, 53; *Cashin* v. *Alamac Hotel Co.,* 98 *Id.* 432, 441, 442.

That this applies to ordinary cases of fraud by one party or the other or by both the above citations abundantly show. But the present case, like that of *Phillips* v. *Phillips, supra* (at *p.* 497), rests upon a different principle, and that principle is that an agreement which is a fraud upon the court and against public policy cannot attain a status by the neg-

lect or connivance of the parties, so as to bar its use as a defense in a subsequent action. This much was involved and decided in the Phillips case. More than this, we think, was not decided. It was not intended to change the rule as stated in *McMichael* v. *Horay, supra,* by Chancellor Walker, that "parties and those in privity with them are concluded not only as to every matter offered and received to sustain or defeat the demand, but as to any other admissible matter which might have been offered for that purpose."

The defense here involved could as readily have been asserted in the earlier case for installments then accrued under the agreement, and if the interests of the parties alone were considered it would have been, if proved, as effective there as here. *Gregory* v. *Wilson,* 36 *N. J. L.* 315.

There is, however, another and greater interest involved than that of the litigants themselves. The institution of marriage lies at the base of our social life. On it rests our morals, our property rights and the rearing of youth. So sacredly is it regarded that this contract, of all others, cannot be annulled or set aside by agreement of the parties. Nor can it be annulled by the court upon such agreement. Indeed, to give the courts jurisdiction it must affirmatively appear that the petition therefor is not tainted with collusion. *Comp. Stat., p.* 2032.

It would be strange indeed that the law should under such circumstances close the door to the plea of collusion, even though not presented in another litigation where it was available. It is against society itself that the offense exists and public policy forbids that the failure to plead in one litigation shall bar the plea in a later one. As was said by the chief justice in *Phillips* v. *Phillips, supra* (at *p.* 497), that "such reasoning [estoppel] in the main, under ordinary and innocent circumstances, would be effectual, but where, as here, the agreement is attacked as collusive, which, if true, means that the Court of Chancery in granting the divorce was imposed upon by the fraud of the parties making the agreement, we think that public policy requires an examination into it." What was there said of estoppel is equally applicable to *res adjudicata.*

There was fraud, if the plea be proved, on society as a whole; there was fraud on the court in presentation of the petition for divorce. Such fraud goes beyond the rights and obligations of the parties, and as a matter of public policy its development must not be precluded because not availed of at an earlier opportunity.

It is not intended by what is here said or by what was said in *Phillips* v. *Phillips, supra* (at *p.* 497), to in anywise impair the vitally important doctrine of *res adjudicata,* but to withhold from its application a single case where the exhibition of the truth is so essential to the well being of society that failure of the parties to present it when available in former litigation cannot be permitted to prevail against its disclosure.

The judgment is reversed, and the defense of collusion is reinstated to the end that further proceedings may be had according to law.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.